UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULES SPOTTS, : | |
| ROBERTA SILVER, : | |
|     Plaintiffs, : | |
| : | |
|     v. : | Civ. No. 3:10CV00058 (PCD) |
| : | |
| DANIEL HUMPHREY, : | |
|     Defendant. : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs Jules Spotts and Roberta Silver bring this six count complaint against Defendant Daniel Humphrey, alleging breach of fiduciary duty, breach of contract, professional negligence, negligent misrepresentation, fraud, and breach of the Connecticut Uniform Securities Act ("CUSA"), CONN. GEN. STAT. §§ 36b-5(a)(1)-(3), 36b-6 (2010). Defendant moves pursuant to FED. R. CIV. P. 12(c) to dismiss count four (negligent misrepresentation), count five (fraud), and count six (breach of CUSA). For the reasons stated herein, Defendant's Motion to Dismiss [**Doc. Nos. 11, 13, 14**] is **granted in part** and **denied in part**.

**II. BACKGROUND**

The following facts are recited according to the complaint. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiffs Jules Spotts and Roberta Silver ("Plaintiffs") are residents of the State of Connecticut. (Compl. ¶ 2.) Defendant Daniel Humphrey ("Defendant") is an investment advisor doing business as Finity Financial Group ("FFG") in New Canaan, Connecticut. (Id. ¶ 1.) Plaintiffs sought Defendant's advice in making investment decisions at

some point between 2005 and 2009. (Id. ¶¶ 1-2, 4.)  In an effort to secure suitable investments through Defendant's services, Plaintiffs provided Defendant with information concerning their financial situation, needs, and goals. (Id. ¶ 7.) Defendant recommended that Plaintiffs "purchase various securities involving private real estate ventures." (Id. ¶ 8.)

Plaintiffs allege that Defendant recommended specific securities which he told them met their investment needs, goals, objectives, and wishes. (Id. ¶ 8.) Plaintiffs also allege that Defendant represented these investments to be safe and conservative. (Id. ¶ 8.) Plaintiffs relied on Defendant's representations and invested a "significant portion of their assets and life savings" in the above referenced securities. (Id. ¶ 9.)

Ultimately, the securities declined in value, resulting in a loss to Plaintiffs' invested assets and life savings. (Id. ¶ 11.) Plaintiffs now bring this six count complaint claiming that Defendant failed to properly advise Plaintiffs. Plaintiffs allege that the above referenced investments were "unduly speculative and risky" and that Defendant wrongly placed his own interest (in earning fee commissions) ahead of Plaintiffs' interests. (Id. ¶¶ 10, 12.)

In this motion to dismiss, Defendant seeks to dismiss only counts four, five, and six of the complaint. Count four alleges that Defendant negligently misrepresented his level of investment skill and experience, as well as the appropriateness of the securities in which Plaintiffs invested. (Compl., Count Four, ¶ 12.) Count five alleges that Defendant was aware that his recommendations were materially false and were made with the intent to defraud Plaintiffs. (Compl., Count Five, ¶ 12.) Count six asserts that Defendant breached CUSA by providing investment advice to Plaintiffs, in return for compensation, without being properly registered with the Connecticut Department of Banking. (Compl., Count Six, ¶ 13.) Additionally, count six

alleges that Defendant's statements were misrepresentations in violation of Section 36b-5(a)(1)-(3) of CUSA (Compl., Count Six, ¶ 14.) which states:

> (a) No person who directly or indirectly receives compensation or other remuneration for advising another person as to the value of securities or their purchase or sale, whether through the issuance of analyses or reports or otherwise, shall: (1) Employ any device, scheme or artifice to defraud the other person; (2) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or (3) engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon such other person.

CONN. GEN. STAT. § 36b-5(a)(1)-(3) (2010).

### III. STANDARD OF REVIEW

The standard applied to a motion to dismiss under FED. R. CIV. P. 12(c) is the same standard applicable to motions to dismiss under FED. R. CIV. P. 12(b)(6). Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

> "[A] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," and deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Furthermore, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."

Johnson v. St. Barnabas Nursing Home, 2010 U.S. App. LEXIS 4666, at *2 (2d Cir. Mar. 5, 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

Additionally, however, "a complaint alleging securities fraud must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. . . ." Chien v. Skystar Bio Pharm. Co., 566 F. Supp. 2d 108, 113-14 (D. Conn. 2008). "Rule 9(b) requires all claims of fraud to be pleaded with particularity." Id. at 114. Specifically, the Second Circuit "has read Rule 9(b) to require that a complaint (1) specify the statements that the plaintiff contends

were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id. (internal citations omitted). The Second Circuit has insisted that "any fraud must be pled with particularity, but the rule is applied assiduously to securities fraud." Id. (quoting Lentell v. Merrill Lynch & Co., 396 F.3d 161, 168 (2d Cir. 2005)). This stringent pleading standard is in place to "to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991)).

## IV. DISCUSSION

### A. Count Four: Negligent Misrepresentation

In count four, negligent misrepresentation, Plaintiffs allege that Defendant made two distinct sets of false statements that Plaintiffs relied upon to their detriment. (Compl., Count Four, ¶ 12.) First, Plaintiffs claim that Defendant misrepresented the extent of his skill and experience as a manager of investment funds. (Compl., Count Four, ¶¶ 3, 12.) Second, Plaintiffs assert that Defendant made false representations in describing the "private real estate ventures" as safe, conservative, and suitable for Plaintiffs' needs. (Compl., Count Four, ¶¶ 9, 12.) Finally, Plaintiffs' pleading notes that their reliance upon Defendant's investment advice resulted in "substantial" losses in assets and life savings. (Compl., Count Four, ¶¶ 4, 13.)

Defendant asserts that a claim of negligent misrepresentation must be pled with heightened particularity, like that of fraud. (Def.'s Mem., 5.) However, in the District of

Connecticut, FED. R. CIV. P. 9(b) is not applied to claims of negligent misrepresentation. The pleading standard for negligent misrepresentation does not rise to that of fraud; there are no special or heightened requirements. Lentini v. Fidelity Nat'l Title Ins. Co. of N.Y., 479 F. Supp. 2d 292, 298 n.2 (D. Conn. 2007). Rather, a plaintiff must merely allege that "the defendant provided false information to plaintiff, which plaintiff justifiably relied on to his detriment." Lawrence v. Richman Group of CT, 407 F. Supp. 2d 385, 391 (D. Conn. 2005) (construing Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (Conn. 2004)). A negligent misrepresentation claim consists of the following elements: "One who, [1] in the course of his business, profession or employment . . . [2] supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their [3] justifiable reliance upon the information, [4] if he fails to exercise reasonable care or competence in obtaining or communicating the information." IM Partners v. Debit Direct Ltd., 394 F. Supp. 2d 503, 521 (D. Conn. 2005) (quoting Burnham v. Karl and Gelb, P.C., 717 A.2d 811, 814 (Conn. App. 1998)).

On the face of Plaintiffs' complaint, all of the necessary elements of a negligent misrepresentation claim, as described above, are properly pleaded. (Compl., Count Four, ¶¶ 3, 9, 12-14.)  Therefore, Defendant's motion to dismiss count four is **denied**.

**B. Count Five: Fraud**

In count five, fraud, Plaintiffs allege that Defendant committed fraud by knowingly misrepresenting the extent of his skill and experience as a manager of investment funds. (Compl., Count Five, ¶¶ 3, 12) Plaintiffs assert that Defendant intended that Plaintiffs rely upon these

misrepresentations to their detriment. (Compl., Count Five, ¶ 12.) Plaintiffs also claim that Defendant knowingly made false representations in describing the "private real estate ventures" as safe, conservative, and suitable for Plaintiffs' needs and, again, intended that Plaintiffs rely upon these misrepresentations. (Compl., Count Five, ¶¶ 9, 12.)

Fed. R. Civ. P. 9(b) requires parties, "in all averments of fraud or mistake," to state with particularity "the circumstances constituting fraud or mistake." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) (quoting Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1003 (2d Cir. 1988)). Specifically, "the Second Circuit 'has read Rule 9(b) to require that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Chien, 566 F. Supp. 2d at 114 (quoting Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004)).

Plaintiffs have failed to plead fraud according to the Rule 9(b) standard. The only requirement Plaintiffs meet is the second: the speaker is properly identified as the Defendant. However, Plaintiffs' pleading lacks specificity with regard to exactly what statements and words are alleged to be fraudulent. In Master-Halco, Inc. v. Picard, 2004 U.S. Dist. LEXIS 16791, at *3-4 (D. Conn. Aug. 18, 2004) the plaintiffs alleged that "false and misleading statements concerning the financial condition of the companies....[were] designed to mislead creditors, particularly the Plaintiff." The court determined that merely alleging that certain statements are "false" or "misleading" is insufficient under Fed. R. Civ. P. 9(b). Id. Rather, pleadings must go further to "identify specific statements or state when and where false statements were made." Id. In this case, Plaintiffs baldly state that Defendant fraudulently "misrepresented" both his level of expertise and the relative conservativeness of the recommended securities, without identifying

misrepresentations to their detriment. (Compl., Count Five, ¶ 12.) Plaintiffs also claim that Defendant knowingly made false representations in describing the "private real estate ventures" as safe, conservative, and suitable for Plaintiffs' needs and, again, intended that Plaintiffs rely upon these misrepresentations. (Compl., Count Five, ¶¶ 9, 12.)

Fed. R. Civ. P. 9(b) requires parties, "in all averments of fraud or mistake," to state with particularity "the circumstances constituting fraud or mistake." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) (quoting Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1003 (2d Cir. 1988)). Specifically, "the Second Circuit 'has read Rule 9(b) to require that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Chien, 566 F. Supp. 2d at 114 (quoting Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004)).

Plaintiffs have failed to plead fraud according to the Rule 9(b) standard. The only requirement Plaintiffs meet is the second: the speaker is properly identified as the Defendant. However, Plaintiffs' pleading lacks specificity with regard to exactly what statements and words are alleged to be fraudulent. In Master-Halco, Inc. v. Picard, 2004 U.S. Dist. LEXIS 16791, at *3-4 (D. Conn. Aug. 18, 2004) the plaintiffs alleged that "false and misleading statements concerning the financial condition of the companies....[were] designed to mislead creditors, particularly the Plaintiff." The court determined that merely alleging that certain statements are "false" or "misleading" is insufficient under Fed. R. Civ. P. 9(b). Id. Rather, pleadings must go further to "identify specific statements or state when and where false statements were made." Id. In this case, Plaintiffs baldly state that Defendant fraudulently "misrepresented" both his level of expertise and the relative conservativeness of the recommended securities, without identifying

any specific statements. (Compl., Count Five, ¶¶ 3, 9.)

Plaintiffs' pleading also lacks specificity with regards to the alleged fraudulent statements, precise location and date. In Rocco v. PaineWebber, Inc., 1989 U.S. Dist. LEXIS 19060, at *11-12 (D. Conn. May 12, 1989), the Court granted defendant's motion to dismiss on similar grounds to the instant case. The court found that a lack of particularity in terms of "names, dates, and volumes of securities bought and sold" rendered plaintiffs' pleading of fraud insufficient. Id. at *13.  In the instant case, Plaintiffs cite only those dates on which Defendant began doing business and when Plaintiffs terminated their business relationship with Defendant. (Compl. ¶¶ 1-2.) For a proper pleading of fraud, the given information is insufficient under FED. R CIV. P. 9(b).

Finally, Plaintiffs fail to thoroughly explain why Defendant's statements were indeed fraudulent. (Compl., Count Five, ¶ 12.) Merely asserting that the advice proffered by the Defendant was "unsuitable" is deficient under Rule 9(b). For example, the Rocco court found that plaintiffs failed to meet the pleading standard under FED. R. CIV. P. 9(b) by merely reciting that their investment manager misrepresented the involved securities as "safe" and "conservative." The court found plaintiffs' contention that the securities were "unsuitable" to their needs insufficient for a proper pleading of fraud. Rocco, 1989 U.S. Dist. LEXIS 19060, at *11-12. Additionally here, as in Rocco, there seems to be a "dearth of facts from which an inference can be drawn that the misrepresentation was false," or that Defendant "had knowledge of the falsity or recklessly disregarded its existence." Rocco, 1989 U.S. Dist. LEXIS 19060, at *12-13. Rather, Plaintiffs merely plead that Defendant "knew" his representations were false, without any additional explanation or support.

Defendant's motion to dismiss count five is **granted**.

### C. Count Six: Breach of the CUSA

Count six alleges violations of Sections 36b-6 and 36b-5 of CUSA. (Compl., Count Six, ¶¶ 13-14.) In regards to Section 36b-6, Plaintiffs do not allege fraud, negligent misrepresentation, or any wrong doing. Rather, Plaintiffs simply contend that Defendant was an unregistered investment advisor at the time he provided investment advice to Plaintiffs (Compl., Count Six, ¶ 13.) FED. R. CIV. P. 9(b) is inapplicable as fraud is not alleged. This portion of count six survives Defendant's motion to dismiss.

Plaintiffs also allege that Defendant violated Sections 36b-5(a)(1)-(3) of CUSA. (Compl., Count Six, ¶ 14.) Plaintiffs allege fraud under Sections 36b-5(a)(1) & (3), but negligent misrepresentation under Section 36b-5(a)(2). See Lehn v. Dailey, 825 A.2d 140, 146-47 (Conn. App. 2003).

In regards to the allegations under Sections 36b-5(a)(1) & (3), Plaintiffs again fail to meet the particularity requirements of FED. R. CIV. P. 9(b). These allegations of fraud are the exact same as count five with no additional background or further factual support and therefore fail for the same reasons as count five. However, with respect to the claim under Section 36b-5(a)(2), Plaintiffs' pleading meets the standard to allege negligent misrepresentation, for the same reasons discussed above in count four.

With reference to Plaintiffs' claims under Sections 36b-5(a)(1) & (3), Defendant's motion to dismiss is **granted.** However, with reference to Plaintiffs' claims under Section 36b-5(a)(2), Defendant's motion to dismiss is **denied.**

## V. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss [**Doc. Nos. 11, 13, 14**] is **granted in part** and **denied in part**. In sum, this case will proceed on counts one, two, three, four and Plaintiffs' claim under Sections 36b-6 and 36b-5(a)(2) of CUSA, as found in count six.

SO ORDERED.

Dated at New Haven, Connecticut, this  9th  day of June, 2010.

/s/
Peter C. Dorsey
U.S. District Judge